UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUSTIN JACKSON,  )
　　　　　　　　　　　　　　 )
　　　Plaintiff　　　　　　　　 )
　　　　　　　　　　　　　　 )
　　　v.　　　　　　　　　　　 )　　No. 06-CV-6913
　　　　　　　　　　　　　　 )
SERGEANT JAMES NEYLON and  )
UNKNOWN OFFICERS,　　　　 )
　　　　　　　　　　　　　　 )
　　　Defendants.　　　　　　 )

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

　　　Defendant Sgt. James Neylon moves to dismiss Counts III, IV, V, and VI of plaintiff Justin Jackson's complaint against Neylon, a collection of "unknown officers," the State of Illinois, and the City of Aurora. For the reasons stated below, we grant in part and deny in part this motion.

**I.　　Background**

　　　According to the Complaint, on April 29, 2005, Neylon, an Illinois State Police officer, grabbed Jackson and "threw him onto the ground, unprovoked." (Compl. ¶ 4.) The unidentified officers accompanying Neylon that evening allegedly failed to intervene. (*Id.* at ¶ 6.) Jackson alleges that he did not obstruct justice, resist arrest, or otherwise assault Neylon or the unidentified officers with Neylon, that Neylon's actions "caused an excessive amount of force" to be inflicted upon Jackson, and that the incident constituted an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution. (*Id.* at ¶¶ 4-6.) Jackson states that the episode caused him "serious personal injury in the form of internal derrangement in [his] left knee, emotional and physical pain, and suffering and mental anguish (depression) at the time of the

incident, since the incident, and presently." (*Id.* at ¶ 8.)

Further, the Complaint alleges, the officers conspired to injure Jackson by: a) "agreeing not to report each other;" b) "collectively abusing and/or failing to intervene in the beating;" and c) "generating false documentation and/or failing to truthfully document the incident in order to cover-up their own misconduct." (*Id.* at ¶ 10.) This conspiracy between the offers allegedly "deprived [Jackson] of his potential claims for battery and/or excessive force," and led to the "generation of false documentation and/or lack of documentation." (*Id.* at ¶¶ 11-13.) In sum, the alleged conspiracy "violat[ed] the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." (*Id.* at ¶ 13.)

Jackson alleges that the officers were on duty at the time of all alleged conduct and that they "were acting under color of state law, ordinance and/or regulation, statutes, custom, and usages of the State of Illinois." (*Id.* at ¶¶ 9 & 14.) Jackson is suing the officers in their individual capacity. (*Id.* at ¶ 9.)

Neylon now moves to dismiss four counts of the Complaint: Count III, under 745 ILCS 10/9-102, for judgment against the State of Illinois; Count IV, a "supplementary claim for *respondeat superior* judgment against the City of Aurora; Count V, a § 1983 conspiracy claim against the officers; and Count VI, a state law conspiracy claim against the officers. We grant the motion with respect to Counts III and IV. We deny the remainder of the motion.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide," and must be conferred upon the federal courts. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of proving that

the jurisdictional requirements have been met. *See Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

A court may grant a motion to dismiss under Rule 12(b)(6) when "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss under either Rule 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Unless the claims are of the type specifically addressed by Fed. R. Civ. P. 9(b), a complaint "need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

**III.    Analysis**

*a.    Eleventh Amendment Applicability to Claims Against the State of Illinois*

Neylon argues that the Eleventh Amendment strips us of jurisdiction to decide Jackson's claims for damages under both federal and state law against the State of Illinois and moves to dismiss Counts III and IV on these grounds. (Mem. in Supp. of Mot. to Dismiss at 3.)

Jackson brings Counts III and IV for recovery against the State of Illinois and the City of Aurora.(*See* Compl. ¶¶ 22-26.) However, Jackson did not name either entity as a party, nor did he serve a summons upon either party as required by Federal Rule of Civil Procedure 4. Since Neylon and the unnamed officers were sued only in their individual capacity, this suit is not automatically one against the State of Illinois or the City of Aurora. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). We have no jurisdiction to enter judgment against entities that have not been served and have not even been named as parties to this suit. *See Chute v. City of Cambridge*, 201 F.R.D. 27 (D. Mass. 2001). Further, because more than 120 days have

passed since Jackson filed his complaint, we exercise our authority under Rule 4(m) to dismiss Counts III and IV.  *See* Fed. R. Civ. P 4(m).

Alternatively, even if the State of Illinois were properly named and served as a defendant, the State enjoys immunity under the Eleventh Amendment to the United States Constitution.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984).  Jackson cannot recover damages from the State under § 1983 or Illinois state law for the alleged actions of the officers here.  *Id.* at 120 ("if a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury") and 121 ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment").  We therefore lack subject matter jurisdiction to decide claims against the State of Illinois under Counts III and IV.

Further, because Jackson affirmatively alleges that Neylon and the other officers were at all relevant times employees of the State of Illinois, Jackson has pled himself out of court under Rule 12(b)(6) with respect to his *respondeat superior* claim against the City of Aurora.  While a plaintiff need not plead all the elements of his claim, "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court."  *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (citation omitted).  *Respondeat superior* liability requires that an *employee* act within the scope of his *employment*.  *Roberson v. Bethlehem Steel Corp.*, 912 F.2d 184, 186 (7th Cir. 1990).  By alleging that all the officers involved here were employed by the State of Illinois – and not the City of Aurora – Jackson has shown that his suit cannot be maintained against the City of Aurora, and 12(b)(6) dismissal is therefore appropriate.

For these reasons, we dismiss Counts III and IV against the State of Illinois and the City

of Aurora.

b.      *Conspiracy Claims*

Neylon also moves to dismiss Counts V and VI, which allege civil conspiracy under 42 U.S.C. § 1983 and Illinois state law. Because Jackson has satisfied the pleading requirements of Rule 8 with respect to his civil conspiracy claims, we deny Neylon's motion to dismiss Counts V and VI.

Neylon argues that in order to survive a Rule 12(b) motion to dismiss, Jackson must allege each of the elements of a § 1983 conspiracy: "an express or implied agreement among defendants to deprive a plaintiff of his or her constitutional rights" and "actual deprivation of those rights in the form of overt acts in furtherance of the agreement." (Mem. in Supp. of Mot. to Dismiss at 4.) In Illinois, Jackson must eventually establish that at least one of the acts committed in furtherance of the conspiracy was tortious. *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888 (Ill. 1994). However, while the nature of a conspiracy claim may require the pleading of some additional facts such as "the parties, the general purpose, and the approximate date of the conspiracy," *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006), "there are no heightened rules of pleading a federal case besides those listed in Fed. R. Civ. P. 9, and conspiracy is not on the list." *E.g., Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002). Jackson's conspiracy allegations are more than sufficient under both Rule 8 and the heightened burden Neylon implies: he alleges the existence of a conspiracy to injure Jackson (Compl. ¶ 10), the nature of the agreement (*Id.*), and at least two overt acts in furtherance of that agreement. (*Id.* at ¶¶ 11-13.) Accordingly, we deny Neylon's motion to dismiss Counts V and VI.

**IV.    Conclusion**

For the reasons stated above, we dismiss Counts III and IV of the Complaint, but deny

Neylon's motion to dismiss Counts V and VI.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 4/24/07